IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL DAVID HOWER, # 13630-040   * | |
| * | Civil Action No.  WMN-15-278 |
| Petitioner   * | |
| * | |
| v   * | |
| * | |
| UNITED STATES   * | |
| * | |
| Respondent   * | |
| *** | |

**MEMORANDUM OPINION**

On January 30, 2014, self-represented petitioner Michael David Hower, an inmate at the Federal Correctional Institution in Cumberland, Maryland, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his 2009 convictions in the United States District Court for the Western District of Michigan. Hower demonstrates he is indigent and his Motion to Proceed in Forma Pauperis will be granted. For reasons to follow, the Court WILL DISMISS this case without prejudice.

**BACKGROUND**

Hower pled guilty to sexual exploitation of a child and receipt of child pornography, and was sentenced to serve 420 months incarceration. Hower's conviction was affirmed on appeal by the United States Court of Appeals for the Sixth Circuit. *See* 442 Fed. Appx. 213 (6th Cir. 2011). His Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was denied on April 30, 2013, and on May 29, 2013, the United States Court of Appeals for the Sixth Circuit denied a Certificate of Appealability.[1]

---

[1] This information was electronically verified on the Pacer electronic case service website. *See* https://ecf.miwd.uscourts.gov.

In this Petition, Hower is challenging the validity of his conviction and sentence. ECF No. 1.  Specifically, he claims his plea was not voluntary, knowing, or intelligent, he is actually innocent of the offenses, his counsel provided ineffective assistance, his indictment was faulty, the prosecutor was vindictive, and there was *Apprendi* [2] error.  *Id*.

## DISCUSSION

As an initial matter, the court notes the Petition is not signed and does not comply with the Local Rules of this Court. *See* Local Rule 102.1 (stating self-represented parties must sign documents before they will be accepted for filing). Hower will not be required to correct this deficiency, however, because the Petition provides no grounds for § 2241 relief.

The threshold question presented is whether this claim is properly raised in a § 2241 petition or is more properly construed under 28 U.S.C. § 2255. A petition for a writ of habeas corpus under 28 U.S.C § 2241 attacks the manner or execution of a sentence. *See In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). Generally, a petitioner's custodian is the proper respondent in a § 2241 petition. *See* 28 U.S.C. §2241(a) (providing writs of habeas corpus may be granted by the district courts within their respective jurisdictions); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (the writ should be directed to the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge.").

By contrast, a § 2255 motion is properly filed in the sentencing court and challenges the validity of a conviction or sentence. *See* 28 U.S.C. 2255 (a);  *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d at 1194 n. 5; *see also Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) ("[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their conviction and sentences through

---

[2]  *See Apprendi* v. *New Jersey*, 530 U.S. 466 (2000).

§ 2255.").

In the rare instance where a § 2255 motion is "inadequate or ineffective to test the legality of his detention," a federal prisoner challenging a federal conviction or sentence may seek relief pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2255; *In re Vial*, 115 F.3d at 1194; [3] *see also United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (stating an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances") (citation and internal quotation marks omitted).

Section 2255 is inadequate and ineffective to test the legality of a conviction when: 1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; 2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and 3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *See In re Jones*, 226 F.3d at 333–34.  It is important to note that remedy provided under § 2255 is neither inadequate nor ineffective merely because the limitations period has expired or a petitioner is unable to satisfy the requirements for filing a second or successive § 2255 motion. *See In re Vial*, 115 F.3d at 1194 n. 5 (4th Cir. 1997).

In this case, Hower is challenging the validity of his conviction and sentence. Further, he provides no grounds to suggest his case satisfies the test in *In re Jones*. Thus, his claims are not appropriately raised in a § 2241 petition because they do not pertain to the execution of his sentence; rather, the claims challenge the judgment of conviction imposed in the Western District of Michigan.  As Hower does not indicate that he has obtained certification from the court of appeals as required under § 2255(h) to bring a second § 2255 motion, this Court does not find

---

[3]  This exception is known as the "savings clause." *See In re Jones,* 226 F3d at  333.

that construing the Petition as a § 2255 to be transferred to the sentencing court would be "in the interest of justice." *See* 28 U.S.C. § 1631 (requiring transfer to cure want of jurisdiction only "in the interest of justice"). Similarly, because Hower makes no showing that § 2255 is inadequate or ineffective to test the legality of his detention, the Court finds no justification to construe his submission as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See In re Jones,* 226 F.3d at 333.

## CONCLUSION

Hower fails to demonstrate entitlement to review of his claim under 28 U.S.C. § 2241. The Court declines to issue a Certificate of Appealability because he has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court will dismiss the petition without prejudice and decline to issue a Certificate of Appealability in a separate Order which follows.


February 3, 2015            /s/
Date                        William M. Nickerson
                            Senior United States District Judge